**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | |
|---|---|
| **KASANDRA PHILLIPS,** | **CIVIL ACTION NO:** |
| **Plaintiff,** | **CV221-094** |
| **v.** | **COMPLAINT** |
| **PEBBLEBROOK HOTEL TRUST,** | **JURY TRIAL DEMANDED** |
| **NORTHVIEW HOTEL GROUP, LLC,** | |
| **AND LEON N. WEINER AND** | |
| **ASSOCIATES, INC., dba WHARF ON** | |
| **JEKYLL ISLAND** | |
| **Defendant.** | |

**COMES NOW** Kasandra Phillips, Plaintiff in the above referenced matter, by and through her counsel, and files her Complaint against Defendants Pebblebrook Hotel Trust, Northview Hotel Group, and Leon Weiner and Associates, dba Wharf on Jekyll Island, and shows this Court the following:

**INTRODUCTION**

This is an employment discrimination case, brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e et seq. ("Title VII"). Plaintiff alleges that Defendants engaged in the practice of employment discrimination and created an abusive and hostile workplace environment as alleged in this Complaint. Plaintiff seeks declaratory, injunctive, and equitable monetary relief from these practices; compensatory and punitive

1

damages; equitable remedies of accounting and restitution; and an award of costs, expenses, and attorney's fees.

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is an adult female who is a citizen of and resides in Brunswick, Glynn County, Georgia. At all times relevant herein, Plaintiff has lived in Glynn County, Georgia.

2. Defendants are a hotel known as Jekyll Island Club Resort ("the Resort") and Wharf on Jekyll Island ("the Restaurant") where Plaintiff worked at all times relevant.

3. Upon information and belief, Defendant Pebblebrook Hotel Trust ("Pebblebrook") is a domestic publicly traded investment trust with public corporate headquarters listed at 4747 Bethesda Avenue, Suite 1100, Bethesda, MD 20814. Pebblebrook's registered agent, The Corporation Trust Incorporated, and principal office are located at 2405 York Road, Suite 201, Lutherville Timonium, MD 21093-2264.

4. Upon information and belief, Defendant Northview Hotel Group, LLC ("Northview") is a hotel owner/operator with corporate headquarters at 15 River Road, Suite 15B, Wilton, CT, 06897. Northview's registered agent is Cogency Global Inc., listed at 29 W. High Street, East Hampton, CT, 06424.

5. Upon information and belief, Defendant Leon N. Weiner and Associates, Inc. ("Leon Weiner") has corporate headquarters listed at 4 Denny Road, Wilmington, DE, 19809-3445. Leon Weiner's registered agent is C T Corporation System, with a physical address located at 289 S. Culver St., Lawrenceville, GA 30046-4805.

6.  Defendant Pebblebrook Hotel Trust is a successor corporation to Northview Hotel Group, LLC and Leon N. Weiner & Associates, Inc.

7.  At all times material hereto all Defendants were operating and licensed to do business in the State of Georgia. Defendants are and have been covered "employers" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e(b) at all times relevant to this Complaint.  Defendant(s) is a "person" within the meaning of 42 U.S.C. § 2000e(a).

8.  Service may be had upon Pebblebrook at its corporate office at 4747 Bethesda Avenue, Suite 1100, Bethesda, MD 20814. The other Defendants that have been named and will be served upon information and belief they may retain rights and responsibilities relevant to this action and all will be collectively referred to below as " Defendant "

9.  All events and omissions giving rise to this Complaint occurred in Brunswick, Glynn County, Georgia.

10. Jurisdiction and venue are proper in this Court.

11. Plaintiff was an "employee" of Defendant and an "aggrieved person" within the meaning of 42 U.S.C. §2000e(f) from on or about February 2020 until she was terminated on or about May 18, 2021.

12. This Court has jurisdiction over this case pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, 28 U.S.C. §1367, and 42 U.S.C. §2000e(5)(f)(3).

**FACTUAL ALLEGATIONS**

1. Plaintiff was hired by Defendant as a server for the Wharf on Jekyll Island, a restaurant owned, located, and operated at the Resort.

2. Prior to hire, Plaintiff made known she was unable to work on Sundays based on her religious practice and beliefs.

3. Plaintiff's shifts were, typically, from open to close each day to accommodate having Sundays off. Schedules were posted weekly.

4. Throughout the course of her employment and up to the time of her termination, Plaintiff consistently performed her duties in an exemplary manner.

5. At all times relevant, Plaintiff is and was a devoted Catholic.

6. At all times relevant, Plaintiff is and had always been a member of the St. Francis Xavier Catholic Church located in Brunswick, Georgia.

7. From the beginning of Plaintiff's employment, Defendant was aware that she was a devoted Catholic and that Plaintiff's hiring was predicated on being able to worship on Sundays due to her religious beliefs.,

8. Since the beginning of Plaintiff's employment, Plaintiff notified Defendant of her need to have Sundays off pursuant to her religion. At this time, General Manager Donna Houghentogler laughed and remarked "you don't look like someone who goes to church."

9. Defendant accommodated Plaintiff by not scheduling her to work on Sundays.

10. On or about November of 2020, Defendant scheduled Plaintiff to work on a Sunday.

11. Plaintiff raised the issue to her immediate supervisor and General Manager, Donna Houghentogler, Plaintiff was told "Your religion is not my problem."

12. Plaintiff sent an email to the Human Resources Department stating her need to have Sundays off to practice her religious beliefs, that the General Manager was aware of this prior to hire, and that Defendant had set a precedent for honoring that in the prior months.

13. Defendant's Human Resources Department never responded to Plaintiff's communication.

14. Plaintiff continued to be scheduled on Sundays while another similarly situated coworker took Sundays off to practice his religious beliefs.

15. Plaintiff would often switch schedules with a coworker so Plaintiff could attend church on Sundays.

16. Defendant did not always approve these changes and would instead require Plaintiff to work on Sunday.

17. Plaintiff sent another email to Defendant's Human Resources Department.

18. Defendant's Human Resources Department again failed to respond.

19. Defendant began cutting Plaintiff's total work hours in retaliation.

20. Defendant continued scheduling Plaintiff to work on Sundays.

21. Defendant's continued harassment and humiliation led to four hospital visits and multiple urgent care visits for Plaintiff due to stress.

22. On or about May 18, 2021, Plaintiff met with Defendant to discuss her schedule and why her hours had been reduced. Defendant told Plaintiff "We're going to part ways."

23. Plaintiff began exiting the building when owner Vinnie followed Plaintiff into the parking lot, assaulted her by yelling maskless in her face during a pandemic defined by a respiratory virus, and calling Plaintiff names.

24. Plaintiff timely filed a charge within 180 days with the Equal Employment Opportunity Commission regarding the Defendant's discriminatory conduct.

25. The Equal Employment Opportunity Commission issued a Notice of Right to Sue letter, which was received on or about August 16, 2021.

26. This complaint is being timely filed within 90 days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

**CAUSES OF ACTION**

**COUNT ONE**
**Religious Discrimination and Harassment**

1. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 23 as if set out in full herein.

2. At all times material hereto, Defendant failed to comply with the Title VII, which

3. states, in part, that it is "unlawful to discriminate against someone on the basis of race, color, national origin, sex (including pregnancy, sexual orientation, and gender identity) or religion. The Act also makes it unlawful to retaliate against a person because the person complained about discrimination . . ."

4. Plaintiff is a member of protected class of citizens who are Christians.

5. Catholicism is a recognized religious belief and Defendant was aware of Plaintiff's sincerely-held religious beliefs.

6. At all times necessary, Plaintiff was qualified to perform her duties.

7. Defendant failed to legitimately offer Plaintiff any reasonable accommodation for Plaintiff's religious beliefs and actively engaged in actions to discourage other employees from accommodating Plaintiff's religious beliefs.

8. In its continuing effort to refuse any reasonable accommodation of Plaintiff's religious beliefs, Defendant continuously humiliated Plaintiff for following her religious beliefs until the Defendant ultimately fired Plaintiff on May 18, 2021.

9. Because of Plaintiff's religious beliefs, Defendant discriminated against Plaintiff and created a hostile work environment for Plaintiff which included, inter alia, allowing other employees to mock Plaintiff's religious beliefs on a continuous basis, reprimanding Plaintiff for following her religious beliefs, allowing employees to forcefully grab Plaintiff, firing Plaintiff, and allowing employees to verbally assault and berate Plaintiff.

10. Defendant's discrimination and harassing conduct towards Plaintiff was based on Plaintiff's religious beliefs.

11. Defendant's conduct was pervasive and regularly and detrimentally affected Plaintiff.

12. Similarly situated employees were not subjected to the conduct described and referred to in paragraphs 1 through 23 of this Complaint.

7

13. Defendant violated Title VII by discriminating against Plaintiff because of her religion. Alternatively, Plaintiff's religion and religious beliefs were a motivating factor which prompted the Defendant to harass and fire Plaintiff.

14. As a direct and proximate result of the Defendant's conduct, Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment, and economic losses.

15. Additionally, Defendant's actions, harassing behaviors, and toxic work environment caused Plaintiff to experience an increase in migraine headaches, for which Plaintiff had to be treated above and beyond her regularly prescribed prescriptions.

16. Due to the increase in prescription medication to control her migraines, Plaintiff's liver is no longer functioning properly and requires ongoing treatment.

17. Any alleged nondiscriminatory reason for this treatment of Plaintiff by the Defendant is a mere pretext for the actual reason for discriminating against her based on her religion.

18. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's

19. rights pursuant to Title VII.

20. The aforementioned actions of the Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**COUNT TWO**

**Failure to Accommodate**

1. Plaintiff incorporates by reference herein and re-alleges the allegations in paragraphs 1 through 23 above as though set forth fully herein.

2. Plaintiff is, and at all times relevant herein was, a practicing parishioner of the St. Francis Xavier Catholic Church in Brunswick.

3. Since on or about November 2020, Plaintiff made numerous requests, both verbally and in writing, for religious accommodation.

4. The accommodation the Plaintiff requested would not have caused an undue hardship to the Defendant.

5. Instead, of reasonably accommodating Plaintiff's sincerely-held religious beliefs, Defendant disciplined Plaintiff, humiliated her, and ultimately fired her.

6. By virtue of Defendant's actions and inactions as set forth above, Defendant has violated Title VII with regard to Plaintiff by failing to accommodate her sincerely-held religious beliefs.

7. Plaintiff's sincerely-held religious belief was a motivating factor in refusing to accommodate Plaintiff.

8. The conduct of the Defendant in not reasonably accommodating Plaintiff's beliefs was intentional.  Defendant engaged in a discriminatory practice or practices with malice or with reckless indifference to the federally protected rights of the Plaintiff.

9. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer lost wages, benefits and entitlements, damage to her career and

reputation, personal humiliation, mental anguish, and embarrassment justifying an award including, but not limited to, back pay, lost benefits, front pay, compensatory damages, and punitive damages according to proof against Defendant.

## COUNT THREE
### Disparate Treatment Before Firing

1. Plaintiff incorporates by reference herein and re-alleges the allegations in paragraphs 1 through 23 above as though set forth fully herein.

2. Plaintiff is, and at all times relevant herein was, a practicing parishioner of the St. Francis Xavier Catholic Church in Brunswick.

3. Defendant failed to legitimately offer Plaintiff any reasonable accommodation for Plaintiff's religious beliefs and actively engaged in actions to discourage other employees from accommodating Plaintiff's religious beliefs.

4. In its continuing effort to refuse any reasonable accommodation of Plaintiff's religious beliefs, Defendant continuously reprimanded Plaintiff for following her religious beliefs.

5. Because of Plaintiff's religious beliefs, Defendant discriminated against Plaintiff and created a hostile work environment for Plaintiff which included, inter alia, allowing other employees to mock Plaintiff's religious beliefs, and reprimanding Plaintiff for following her religious beliefs.

6. Plaintiff's religion was the motivating factor why Defendant discriminated against Plaintiff by creating a hostile work environment with repeated reprimands, mocking of the Plaintiff, and disallowing of an accommodation for Plaintiff.

7. The conduct of the Defendant in discriminating against Plaintiff due to her religion was intentional.  Defendant engaged in a discriminatory practice or practices with malice or with reckless indifference to the federally protected rights of the Plaintiff.

8. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer lost wages, benefits and entitlements, damage to her career and reputation, personal humiliation, mental anguish, and embarrassment justifying an award including, but not limited to, back pay, lost benefits, front pay, compensatory damages, and punitive damages according to proof against Defendant.

## COUNT THREE
### Termination

1. Plaintiff incorporates by reference herein and re-alleges the allegations in

2. Paragraph 1 through 23 above as though set forth fully herein.

3. Plaintiff is, and at all times relevant herein was, a practicing parishioner of the St. Francis Xavier Catholic Church in Brunswick.

4. Defendant failed to legitimately offer Plaintiff any reasonable accommodation for Plaintiff's religious beliefs and actively engaged in actions to discourage other employees from accommodating Plaintiff's religious beliefs.

5.  In its continuing effort to refuse any reasonable accommodation of Plaintiff's religious beliefs, Defendant continuously reprimanded Plaintiff for following her religious beliefs.

6.  On May 18, 2021, the Defendant fired Plaintiff.

7.  Plaintiff's religion was a motivating factor in Plaintiff's termination of employment with Defendant.

8.  The conduct of the Defendant in firing Plaintiff because of her religious beliefs was intentional.  Defendant engaged in a discriminatory practice or practices with malice or with reckless indifference to the federally protected rights of the Plaintiff.

9.  As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer lost wages, benefits and entitlements, damage to her career and reputation, personal humiliation, mental anguish, and embarrassment justifying an award including, but not limited to, back pay, lost benefits, front pay, compensatory damages, and punitive damages according to proof against Defendant.

## COUNT FOUR
### Retaliation

1.  Plaintiff incorporates by reference herein and re-alleges the allegations in paragraphs 1 through 23 above as though set forth fully herein.

2.  Plaintiff is, and at all times relevant herein was, a practicing parishioner of the St. Francis Xavier Catholic Church in Brunswick.

3.  Plaintiff engaged in actions protected by Title VII, 42 U.S.C. § 2000e et seq., to receive accommodations from Defendant for her religious beliefs, including, but not limited to, making numerous oral and written requests for accommodation.

4.  Because of Plaintiff's protected actions, Defendant retaliated against Plaintiff by, among other things, creating a hostile work environment for Plaintiff, reprimanding Plaintiff for her religious beliefs, and terminating Plaintiff.

5.  The conduct of the Defendant in retaliating against Plaintiff because of her protected actions was intentional.  Defendant engaged in a discriminatory practice or practices with malice or with reckless indifference to the federally protected rights of the Plaintiff.

6.  As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer lost wages, benefits and entitlements, damage to her career and reputation, personal humiliation, mental anguish, and embarrassment justifying an award including, but not limited to, back pay, lost benefits, front pay, compensatory damages, and punitive damages according to proof against Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.  That Plaintiff recover from Defendant for the general damages which Plaintiff has suffered in an amount to be determined according to the enlightened conscience of an impartial jury;

2.  That Plaintiff be compensated for mental pain and suffering;

3.  That Plaintiff be awarded interest at the legal rate on any judgment ultimately rendered;

4.  That Plaintiff be awarded attorney's fees and all costs of litigation;

5.  That Plaintiff be awarded punitive damages for Defendant's willful and reckless misconduct and conscious disregard to consequences; and

6.  That Plaintiff be awarded any such other and further relief as this Honorable Court may deem just and appropriate.

Under Federal Rule of Civil Procedure 11, Plaintiff to the best of his knowledge, information, and belief affirms that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Respectfully submitted,

This, the 7th day of October, 2021.

/s/  Joseph J. Steffen, Jr.
Joseph J. Steffen, Jr.
Georgia Bar No.:  677766
*Attorney for Plaintiff*

14

Law Office of Joseph J. Steffen, Jr.
317 Tattnall Street
Savannah, Georgia 31401
(912) 604-4147
steffjj@aol.com